UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EBERAIA D. FIELDS,

    Plaintiff,

    v.

TRAVIS P. NOLTE, ALEC S
VANTUINEN, C. KOEDAM,
JONATHON FLONY, ED SCHROEDER,
HILLARY HANDIN, DAVID
WAGONER, and CITY OF
LOGANSPORT,

    Defendants.

CAUSE NO. 3:23-CV-291-JD-MGG

OPINION AND ORDER

Eberaia D. Fields, a prisoner without a lawyer, filed a vague complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On April 1, 2021, police officers tried to stop Fields' car on Third Street in Logansport, Indiana. Instead of stopping, Fields drove home. The police pursued him, arrested him, and charged him with Operating While Intoxicated Within 7 years of a

Prior Conviction and Resisting Arrest. *State v. Fields*, 09D01-2104-F6-79 (Cass Superior Court 1 filed April 4, 2021), https://public.courts.in.gov/mycase. Fields pleaded guilty and was sentenced.

The complaint alleges that during his arrest, Fields was ordered to walk toward the police and Officer Travis P. Nolte tripped him and placed a knee in his back.

> In *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010), [the Seventh Circuit] addressed the ability of a plaintiff to proceed on a § 1983 excessive force claim where that plaintiff had been convicted of resisting arrest, and held that the plaintiff can only proceed to the extent that the facts underlying the excessive force claim are not inconsistent with the essential facts supporting the conviction.

*Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014). The complaint does not explain how this excessive force claim is consistent with his conviction for Resisting Arrest. Even if it is, the question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Rather, the question is "whether the totality of the circumstances" justifies the officers' actions. *Graham* at 396. Here, Fields does not say what injuries he suffered or what he was doing when he was tripped. Depending on his behavior at the time, Officer Nolte may have been justified in the force he used. The allegations in this complaint are simply too lacking to plausibly infer that Officer Nolte used excessive force.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

The complaint alleges several other officers did not intervene to stop Officer Nolte from tripping him. "[P]olice officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). This complaint does not allege facts from which it can be plausibly inferred that any of the other officers had reason to know Officer Nolte was going to trip him or that they had any opportunity to stop him before he did.

The complaint alleges Fields received a police statement from Officer Alec Vantuinen in August 2021. It is unclear how this is related to the excessive force alleged to have occurred in April 2021. "[U]nrelated claims against different defendants belong in different suits," *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Fields alleges Officer Vantuinen said he did not commit any crimes. This is confusing because Fields pleaded guilty. It is also confusing because Fields alleges Officer Vantuinen's report was falsified as were the reports of Officers Nolte and C. Koedam. Fields does not explain what these reports said, why he believes they were false, nor how they are related to the excessive force claim.

The complaint alleges Sheriff Ed Schroeder withheld evidence which would prove those police reports were false because he had video showing Fields was incarcerated. This is confusing. If Fields was incarcerated, he would have known he was incarcerated. Sheriff Schroeder could not have withheld that information and Fields did not need a video to prove he was incarcerated. Again, there is no indication how this is related to his excessive force claim.

The complaint alleges David Wagoner and Hillary Handin did not intervene regarding the false police reports. The complaint does not explain how they knew about the reports or how they could have intervened. The complaint alleges they altered his house arrest records while he was on home detention. It is unclear when this happened, what alterations he believes were made, or how this is related to his excessive force claim.

The complaint alleges the City of Logansport discriminated against him and failed to train its police officers. The complaint does not explain how or when the city discriminated. It does not explain what the police should have been trained to do or why the city would have known they needed such training.

This complaint does not state a claim for which relief can be granted. If Fields believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. If Fields files an amended complaint, he must explain the claims he presents. He must allege facts showing the defendant(s) are liable for violating his constitutional rights. He must only include related claims and he must explain how they are related.

For these reasons, the court:

(1) GRANTS Eberaia D. Fields until **December 22, 2023**, to file an amended complaint; and

(2) CAUTIONS Eberaia D. Fields if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim.

SO ORDERED on November 20, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

SO ORDERED on November 20, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT