UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EBERAIA D. FIELDS,<br><br>Plaintiff,<br><br>v.<br><br>TRAVIS P. NOLTE, ALEC S. VANTUINEN, C. KOEDAM, and JONATHON FLONY,<br><br>Defendants. | CAUSE NO. 3:23-CV-291-JD-SJF |

OPINION AND ORDER

Eberaia D. Fields, a prisoner without a lawyer, filed an amended complaint alleging excessive force was used during his arrest. ECF 19. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Fields was driving while intoxicated when police stopped him in Logansport, Indiana. *See State v. Fields*, 09D01-2104-F6-79 (Cass Superior Court 1 filed April 4, 2021), https://public.courts.in.gov/mycase (Fields pleaded guilty and was sentenced for Operating While Intoxicated Within 7 years of a Prior Conviction and Resisting Arrest).

Fields alleges that after he was handcuffed, Officer Travis P. Nolte tripped him, placed a knee in his back, and rubbed his face in the rocks on the ground for eight to ten minutes. The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Rather, the question is "whether the totality of the circumstances" justifies the officers' actions. *Graham* at 396. The amended complaint states a claim against Officer Nolte.

Fields also alleges Officers Alec S. Vantuinen, C. Koedam, and Jonathan Flony saw what Officer Nolte did, but did not attempt to stop him. "[P]olice officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). The complaint gives no indication that these officers could have anticipated or prevented Officer Nolte from tripping Fields and taking him to the ground, but it does plausibly allege they had a realistic opportunity to intervene during the eight to ten minutes during which Officer Nolte is alleged to have held Fields on the ground and rubbed his face in the rocks.

For these reasons, the court:

(1) GRANTS Eberaia D. Fields leave to proceed against Officer Travis P. Nolte

2

in his individual capacity for compensatory and punitive damages for using excessive force during his arrest by tripping him, placing a knee in his back, and rubbing his face in the rocks on the ground for eight to ten minutes in violation of the Fourth Amendment;

(2) GRANTS Eberaia D. Fields leave to proceed against Officers Alec S. Vantuinen, C. Koedam, and Jonathan Flony in their individual capacities for compensatory and punitive damages for not intervening to stop Officer Travis P. Nolte from using excessive force in violation of the Fourth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Logansport Police Officers Travis P. Nolte, Alec S. Vantuinen, C. Koedam, and Jonathan Flony at the Logansport Police Department, with a copy of this order and the amended complaint (ECF 19);

(5) ORDERS the Mayor of Logansport, Indiana, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if the city has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officers Travis P. Nolte, Alec S. Vantuinen, C. Koedam, and Jonathan Flony to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 15, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT